IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| James Dale Ward, | ) | Case No. 6:23-cv-02152-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Anderson Greenville LLC *d/b/a Fred Anderson Honda*, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant's Motion to Dismiss. ECF No. 19. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge issued a Report recommending that Defendant's Motion be granted. ECF No. 29. Plaintiff filed objections to the Report, and Defendant filed a reply. ECF Nos. 32, 36. Thereafter, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. ECF No. 33. Defendant filed a Response in Opposition. ECF No. 37. This Order will address both pending matters.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

### *Motion to Dismiss*

As an initial matter, the Court finds that the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  Plaintiff alleges state law claims for breach of contract and misrepresentation/negligent misrepresentation and a claim for discrimination under the Age Discrimination in Employment Act ("ADEA").  For the reasons stated below, the Court agrees with the recommendation of the Magistrate Judge that Plaintiff's claims, as stated, are subject to dismissal.

#### <u>ADEA Claim</u>

To state a claim under the ADEA, a plaintiff must plead sufficient facts to plausibly allege that (1) the plaintiff is over 40 years of age, (2) he experienced discrimination by his employer, and (3) the discrimination was because of his age. *Tickles v. Johnson*, 805

F. App'x 204, 207 (4th Cir. 2020).  The Magistrate Judge determined that Plaintiff failed to state sufficient facts that would allow for a reasonable inference that Plaintiff was discriminated against due to his age. She found that the only supporting facts were conclusory in nature and failed to state a plausible claim.[1]

Plaintiff objects and argues that the Amended Complaint contains short and plain factual allegations.  He then expands upon the statements regarding his experience and qualifications.   Plaintiff also seems to argue both that he has currently sufficiently pled his claim and that he has fixed any error in the proposed second amended complaint.

Here, the Court finds that Plaintiff has failed to plausibly state a claim upon which relief can be granted.  His statements of factual support for his ADEA claim are conclusory and nonspecific in nature and fail to support a conclusion that any adverse employment action was taken due to his age.  The mere fact that someone is over the age prescribed by the ADEA and is replaced with someone younger is insufficient to withstand a motion to dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks and citation omitted).  Accordingly, the Motion to Dismiss is granted as to this claim.

---

[1] The Court disagrees with Plaintiff's commentary that the Magistrate Judge insinuates that "plausible" is a heightened standard.  It is, in fact, the bare minimum required to state a claim for relief, which is how it is being applied here.

*Breach of Contract*

The Magistrate Judge recommends dismissal of Plaintiff's breach of contract claim because Plaintiff fails to overcome the presumption of at-will employment. She further found that Plaintiff fails to plausibly allege that a contract was formed. The Magistrate Judge determined that, while Defendant did make a promise, Plaintiff did not offer one in return. She further found that any other alleged consideration was insufficient to form a contract.

Plaintiff objects and argues that he accepted Defendant's offer by registering as an employee in the employee portal. Plaintiff also states that the return promise was that he would become Defendant's employee for six months and that acceptance constituted a return promise. Plaintiff further asserts that, because the manner of acceptance was to register as an employee of Defendant, the agreement could be characterized as unilateral or bilateral. Finally, Plaintiff asserts that, under South Carolina law, forbearance from seeking other employment, as was his legal right, qualified as consideration.

Upon review, the Court agrees with the recommendation of the Magistrate Judge. As stated in the Report, there is no factual support that Plaintiff offered to stay in Defendant's employ for six months. He may have intended to do so; however, such does not suffice to form an enforceable contract. With respect to Plaintiff's argument that his forbearance from seeking other employment was sufficient consideration, as discussed

4

by the Magistrate Judge, there is no allegation that Defendant sought such a promise from Plaintiff.[2]  Accordingly, the Motion to Dismiss is granted as to this claim.

*Misrepresentation/Negligent Misrepresentation*

To state a claim for negligent misrepresentation, a plaintiff must allege "(1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation." *AMA Mgmt. Corp. v. Strasburger*, 420 S.E.2d 868, 874 (S.C. Ct. App. 1992).

The Magistrate Judge recommends dismissal of this claim on the basis that Plaintiff failed to plausibly allege that he suffered a pecuniary loss as the proximate result of his reliance upon the representation by Defendant.  Plaintiff objects and argues that "the only reasonable inference is that he suffered a loss of income because he did not seek another job." ECF No. 32 at 6.  He further argues that he alleges in the Amended Complaint that he suffered loss of income because of Defendant's misrepresentation.

---

[2] As noted by the Magistrate Judge, to the extent Plaintiff alleges the formation of a unilateral contract, that claim also fails.  The elements of a unilateral contract are "1) a specific offer, 2) communication of the offer to the employee, and 3) performance of job duties in reliance of the offer." *Prescott v. Farmers Tel. Coop., Inc.*, 516 S.E.2d 923, 926 (S.C. 1999).  Here, Plaintiff does not allege that he ever began working for Defendant. *See, e.g.*, ECF No. 23 at 8 ("Plaintiff was terminated the day before Defendant began operating the dealership.").

Upon de novo review, the Court agrees with the Magistrate Judge's recommendation. As noted by the Magistrate Judge, Plaintiff has failed to plead sufficient facts in support of his legal conclusions. Plaintiff's bare bones allegations are insufficient under *Iqbal*, 556 U.S. 662, and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and, therefore, are subject to dismissal.

***Motion for Leave to File a Second Amended Complaint***

Also pending before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint and attached a proposed second amended complaint. ECF No. 33. As noted above, Defendant filed a Response in Opposition. ECF No. 37.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading should be given freely when justice so requires. The law is well-settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks and citations omitted). The Fourth Circuit instructs that [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999).

Upon review, the Court finds that allowing Plaintiff to file the proposed second amended complaint would be futile. The allegations in the proposed second amended complaint fail for the same reasons articulated above and by the Magistrate Judge; essentially, Plaintiff fails to put forth facts sufficient to plausibly allege that Plaintiff was

discriminated against because of his age rather than any other quality or consideration.[3] Plaintiff's proposed change to the Amended Complaint does not cure the deficiencies discussed above; accordingly, the Motion for Leave to File a Second Amended Complaint is denied as futile.

### CONCLUSION

Therefore, Plaintiff's Motion for Leave to File a Second Amended Complaint [33] is **DENIED**. Defendant's Motion to Dismiss [19] is **GRANTED** and Plaintiff's Amended Complaint is dismissed. While Plaintiff has not stated a plausible claim such that dismissal is appropriate, upon review of the record, it appears that a viable claim may be stated if there is a sufficient factual basis established; accordingly, Plaintiff's claims are dismissed without prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 29, 2024
Spartanburg, South Carolina

---

[3] Plaintiff states that the only proposed change to the Amended Complaint relates to his claim for age discrimination. ECF No. 33 at 1.